# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1098V
UNPUBLISHED

| | |
|---|---|
| RICHARD P. JOHNSON,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 7, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Donald L. Schlapprizzi*, St. Louis, MO, for petitioner.

*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On July 30, 2019, Richard P. Johnson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS") as defined on the Vaccine Injury Table after receiving an influenza vaccine on August 21, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 2, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his GBS. On January 7, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $350,234.86, representing compensation in the amount of $240,000.00 for his pain and suffering, $103,234.86 for his lost earnings, and $7,000.00 for his out-of-pocket expenses. Proffer

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $350,234.86, representing compensation in the amount of $240,000.00 for his pain and suffering, $103,234.86 for his lost earnings, and $7,000.00 for his unreimburseable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____
                                          )
RICHARD P. JOHNSON,                       )
                                          )
    Petitioner,                         )
                                          )  No. 19-1098V
    v.                                  )  Chief Special Master Corcoran
                                          )  ECF
SECRETARY OF HEALTH AND                   )
HUMAN SERVICES,                           )
                                          )
    Respondent.                         )
_____)

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.**    **Procedural History**

On September 29, 2020, respondent filed a Vaccine Rule 4(c) report concluding that petitioner sustained the onset of Guillain-Barré Syndrome within the Table time period following an influenza vaccine, and therefore sustained an injury that is compensable under the terms of the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§300aa-10 to -34.  Accordingly, on October 2, 2020, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for GBS following the influenza vaccine he received on August 21, 2016.

**II.**    **Items of Compensation**

Respondent proffers that petitioner should be awarded $240,000.00 for pain and suffering, $103,234.86 for lost earnings, and $7,000.00 for out-of-pocket expenses.

This represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### III. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $350,243.86, in the form of a check payable to petitioner.

### IV. Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Richard P. Johnson: **$350,243.86**

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Christine Mary Becer
CHRISTINE MARY BECER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3665

DATED: January 7, 2021

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.