# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 19-1098V
(not to be published)

| | |
|---|---|
| RICHARD P. JOHNSON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: October 5, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Donald L. Schlapprizzi,* St. Louis, MO, for Petitioner.

*Christine Mary Becer,* U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On July 30, 2019, Richard P. Johnson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome as defined on the Vaccine Injury Table after receiving an influenza vaccine on August 21, 2016. (Petition at 1). On January 7, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 28).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated July 26, 2021 (ECF No. 32), requesting a total award of $27,089.53 (representing $22,210.50 in fees and $4,879.03 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 34-1). Respondent reacted to the motion on August 9, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 35). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

A. <u>Hourly Rates</u>

Petitioner requests the hourly rate of $375 per hour for all time billed by attorney Donald L. Schlapprizzi. (ECF No. 32-1 at 1-12). Additionally, Petitioner requests the rate of $135 per hour for all time billed by Mr. Schlapprizzi's paralegal. (*Id*). Mr. Schlapprizzi has been a licensed attorney since 1959, placing him in the range of attorneys with over 31 years' experience on the OSM Attorneys' Forum Hourly Rate Schedule.[3] (*Id.* at 1). In light of his overall experience, the requested rates are reasonable, and I award them herein (although as explained below I do make some adjustments to time). I also find the paralegal rate reasonable.

B. <u>Travel Time</u>

Throughout this case Mr. Schlapprizzi billed time for travel, but he did not differentiate the time spent on travel versus time spent on the visit itself. (ECF No. 32-1 at 1,2,6). In the Vaccine Program, however, attorneys are usually compensated for time spent traveling (when no other work was being performed) at *one-half* an attorney's approved hourly rate. *See,* e.g., *Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Of course, "[e]ach case should be assessed on its own merits," and this approach to travel time is not an ironclad rule. *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). But "even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id*.

The billing invoices filed herein make it difficult to assess how to apply these guidelines to the case at hand. As I cannot decipher the exact time spent, I find it is reasonable to compensate the billing entries that include travel at the one-half rate usually employed in the Program. Thus, I will reduce the relevant entry, accordingly, awarding $187.50 per hour for the ten hours of travel billed. This results in a reduction of **$1,875.00**.

---

[3] The of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

3

### C. Excessive and Duplicative Billing

Mr. Schlapprizzi's paralegal billed three hours of time to travel to Petitioner's home to discuss Petitioner's affidavit. (Id. at 6). This entry was billed the day after Mr. Schlapprizzi's visit to Petitioner's home to discuss the affidavit. (Id).

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209.

It is not made clear why a second visit to Petitioner's home was necessary when Mr. Schlapprizzi had already met with Petitioner the day prior. I will therefore reduce the fees to be awarded by **$405.00**, the amount of time billed by the paralegal for the second meeting with Petitioner.

## ATTORNEY COSTS

Petitioner requests $4,879.03 in overall costs. (ECF No. 32-2 at 2). This amount is comprised of obtaining medical records, postage, and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable. However, there are several costs that were not properly substantiated. They include the following:

- August 3, 2017 – Chartswap   $112.64
- October 2, 2018 – US Postmaster $2.47
- November 27, 2018 – Copy Expense $12.10
- February 15, 2019 – US Postmaster $3.50
- August 19, 2019 – US Postmaster $11.95
- May 28, 2020 – US Postmaster $8.31

4

Additionally, Petitioner requests reimbursement for two charges from Ciox Health dated July 13, 2017, both in the amount of $111.67. (Id. at 1). Supporting documentation was only provided for one of these charges, and therefore the duplicate charge will not be awarded.

Because the costs listed have not been substantiated, I am required to deny their award. Total requested costs to be awarded are thus reduced by the sum of **$262.64**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$24,546.89** (representing $19,930.50 in fees and $4,616.39 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                                     **s/Brian H. Corcoran**
                                                    Brian H. Corcoran
                                                    Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.